## Bishop Appeal

*Cassin W. Craig* and *Wisler, Pearlstine, Talone & Gerber*, for appellant.

*Daniel L. Quinlan, Jr.,* for Commonwealth.

CORSON, J., July 31, 1956.—In this case Lester Bishop has appealed from the action of the Department of Revenue in suspending indefinitely his operating privileges under section 615 (*b*) 5 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192, as amended, upon the contention that Bishop is an incompetent driver.

After hearing, the trial judge makes the following

## Findings of Fact

1. Bishop has been a licensed operator in the State of Pennsylvania for a period of 40 years.

2. During that period Bishop has been involved in two accidents, both within the two years prior to this revocation.

3. The first accident was not serious and did not involve the use of either drugs or alcohol.

4. The second accident was serious, at least so far as property damaged was concerned, and resulted from apparently a complete blackout by Bishop.

5. As a result of the second accident, Bishop was arrested and charged with operating under the influence of intoxicating liquor.

6. Bishop was acquitted of this charge.

7. Bishop was then indicted on the charge of operating under the influence of a narcotic drug and was found guilty.

8. This conviction was appealed, and the record is now in the Superior Court of Pennsylvania.*

9. Bishop has what may be called a disintegrating kidney stone, the pieces of which become stuck in the passage between his kidneys and his bladder, causing such pain that he takes demerol obtained upon his doctor's prescription and used under his doctor's supervision.

10. After taking a prescribed dose of demerol for a certain period of time, dizziness may result, but after such period, Bishop is not affected in any way as a result of taking the drug.

## Discussion

Does the fact that, on occasion, Bishop uses demerol,

---

* Defendant's conviction was reversed. See Commonwealth v. Bishop, 182 Pa. Superior Ct. 151.

make him an incompetent driver under the provisions of The Vehicle Code, supra? We feel that this question must be answered in the negative. To hold otherwise would authorize the Department of Revenue to suspend the license of every person known to drink intoxicating liquors, upon occasion, to excess. So far as The Vehicle Code is concerned, a person may drink to excess, and as long as he does not drive, he does not violate the code. Similarly, Bishop may use demerol, a narcotic drug, just so long as he does not operate a motor vehicle while under the influence of such drug. It is within the knowledge of the writer of this opinion, the trial judge in both cases, that Bishop has been convicted of operating while under the influence of demerol, a narcotic drug. If such conviction is sustained, Bishop's license will be revoked for one year. However, a conviction of operating under the influence of either intoxicating liquor or a narcotic or habit-forming drug, does not make such person an "incompetent" driver. If such were the law, the Secretary of Revenue could suspend the license of every person convicted of driving while under the influence of intoxicating liquor.

We feel this case is very similar to the appeal of Lewis Miller, no. 13, February term, 1954, where President Judge Knight decided, in an unreported opinion dated May 6, 1954, that an epileptic should have his license privilege restored. In the Miller case, supra, the court is, of course, dealing with an involuntary seizure. However, since the trial judge found that Mr. Miller always had warning that such an attack was imminent, so that he could immediately cease driving, there was no danger of his having an unforeseen attack while at the wheel.

In this case, similarly, since Bishop knows the effect of demerol and the period during which he will be affected by it, it must be assumed that he will obey

the law and not operate his car during such periods.

And now, July 31, 1956, for the reasons given in the foregong opinion, the appeal is sustained, the action of the Secretary of Revenue in suspending the operating privileges of Lester Bishop is revoked, and it is ordered and directed that the operating privileges of Lester Bishop be restored and reinstated.